UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-2541 PSG (MRWx) | Date | July 14, 2016 |
|---|---|---|---|
| Title | Kimberly Gunther v. International Business Machine Corporation | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order DENYING Plaintiff's Motion to Remand

Before the Court is Plaintiff Kimberly Gunther's motion to remand to Los Angeles Superior Court. Dkt. # 16. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing, and reply papers, the Court DENIES the motion to remand.

I.   Background

Plaintiff is a California citizen and a former employee of Defendant International Business Machine Corporation ("Defendant"). Dkt. # 19-1; Dkt. # 1, *Notice of Removal* ("NOR"), Ex. 1 ("Compl.") ¶ 3. Defendant is a citizen of New York. *See NOR* ¶ 7. Defendant employed Plaintiff as an exempt employee from October 21, 2013 to June, 2015, during which time Plaintiff worked out of a home office and traveled throughout California. *Compl.* ¶ 3.

On or about February 1, 2016, Plaintiff gave written notice to Defendant and to the California Labor and Workforce Development Agency ("LWDA") by certified mail. *Id.* ¶ 15. In compliance with Labor Code § 2699.3(c), Plaintiff waited in excess of thirty-three days for the LWDA to intervene. *Id.* When it did not do so, Plaintiff filed a Private Attorney General Act ("PAGA") suit against Defendant in the Los Angeles County Superior Court of California on March 11, 2016. *See id.*

Plaintiff alleges that Defendant failed to pay her and all other aggrieved employees:

all non-discretionary bonuses, including quarterly bonuses, commissions, awards, and incentive pay that Plaintiff earned, including by failing to pay all compensation for all work performed, including but not limited to failing to pay all earned and owed bonuses (including but not limited to the Associate Partner Plan bonus, the Incentive Plan, the Plan to Date achievements, Incremental Incentives, Pool Based payments, Target

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-2541 PSG (MRWx) | | Date | July 14, 2016 |
|---|---|---|---|---|
| Title | Kimberly Gunther v. International Business Machine Corporation | | | |

> Incentive pay, Growth Driven Profit Sharing) earned and owed and due at each year end of fractional payments within a year, including at end of employment, and earned and owed when transitioning to another IBM position within the company.

*Id*. ¶ 1. Plaintiff also alleges that Defendant failed to pay her and other employees all accrued and unused vacation wages and that Defendant had an illegal "use-it-or-lose-it" vacation plan which resulted in earned vacation wages being forfeited. *Id.* Plaintiff states that when IBM did pay vacation days, it failed to cash out those vacations days at the proper rate of pay because it did not add bonuses and commissions to the average daily compensation. *Id.* Defendant also: failed to account for accrued vacation during paid leaves of absences despite its agreement to do so; improperly deducted vacation time that was "borrowed" as advanced salary before it was earned, and then required it to be paid back at the end of employment; and invalidly capped accrual where it should not have done so. *Id*.

Additionally, Plaintiff alleges that Defendant failed to pay her and other aggrieved employees for work-related expenses and losses, including:

> all home office expenses, home office supplies, furniture, pro rata value of home office space value, the pro rata of utilities, all communication devices used for work, cell phones and monthly plans, landline phones, pens, papers, internet
> access charges, printer ink cartridges, and all mileage pay and parking.

*Id.* Finally, Plaintiff challenges the wage statements provided to her and all other aggrieved employees on the basis that those wage statements (1) inaccurately omitted the wages due as a result of Plaintiff's other claims; and (2) did not "state the inclusive dates of the pay period for which the employees were paid." *Id.* As a result, Plaintiff and the other employees became confused over whether they had received all the wages owed to them and were not able to keep track of (and therefore secure) the full amount owed to them on their last day of work. *Id.* Plaintiff alleges that Defendant's conduct was "knowing and intentional." *Id.*

In total, Plaintiff alleges that Defendant is responsible to her and all other aggrieved employees for violations of twenty-two sections of the California Labor Code.[1] *Id.* Plaintiff seeks: (1) one hundred dollars for each aggrieved employee per pay period for the initial violation under Labor Code § 2699(f)(2); (2) two hundred dollars for each aggrieved employee per pay period for each subsequent violation, per Labor Code § 2699(f)(2); (3) fifty dollars for each underpaid employee for each pay period for which the employee was underpaid in addition

---

[1] These include Labor Code §§ 201-204, 221-223, 226, 226.3, 226.4, 227.3, 450, 511-512, 558, 1193.6, 1194.2, 1194.5, 1195, 1197.1, 2802, and 2698-2699. *Compl.* ¶ 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-2541 PSG (MRWx) | | Date | July 14, 2016 |
|---|---|---|---|---|
| Title | Kimberly Gunther v. International Business Machine Corporation | | | |

to an amount sufficient to recover underpaid wages, per Labor Code § 558(a)(1); (4) one hundred dollars for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages, per Labor Code § 558(a)(2); (5) two hundred and fifty dollars per employee per violation in an initial citation per Labor Code § 226.3; (6) one thousand dollars per employee per violation in a subsequent citation, per Labor Code § 226.3; (7) two hundred and fifty dollars per employee per violation in an initial citation per Labor Code § 227.3; (8) five hundred dollars per Labor Code § 1174.5 violation; (9) one hundred dollars for each underpaid employee for each pay period for which the employee is underpaid under Labor Code § 1197.1(a)(1); and (10) two hundred fifty dollars for each underpaid employee for each pay period for which the employee is underpaid, per Labor Code § 1197.1(a)(2). *Id.* ¶ 16. Plaintiff states that she seeks less than $75,000 in penalties for herself and less than $75,000 for any other individual current or former employee. *Id.* ¶ 19.

Defendant removed to this Court on April 13, 2016. *Id.* Plaintiff now moves to remand for lack of subject matter jurisdiction. Dkt. # 16 ("Mot."). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7–15. After considering the moving, opposing, and reply papers, the Court DENIES Plaintiff's motion to remand.

II. Legal Standard

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity of citizenship between the parties, *see* 28 U.S.C. § 1332. A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. A plaintiff may seek to remand the case to the state court from which it came if the district court lacks subject matter jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If there is any ambiguity as to propriety of removal, federal jurisdiction must be rejected. *See id.*

Removal under diversity jurisdiction is proper when the opposing parties are completely diverse and the amount in controversy requirement is satisfied. *See* 28 U.S.C. §§ 1332, 1441. "[A] defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-2541 PSG (MRWx) | Date | July 14, 2016 |
|---|---|---|---|
| Title | Kimberly Gunther v. International Business Machine Corporation | | |

1193, 1197–98 (9th Cir. 2015). If the plaintiff challenges the amount in controversy, the defendant must submit summary-judgment-style evidence establishing the amount by preponderance of the evidence. *Id.* at 1198. Plaintiffs can also submit evidence in opposition, *see id.*, but there is no requirement that they do so. *See Townsend v. Brinderson Corp.*, No. CV 14-5320 FMO (RZx), 2015 3970172, at *3 (C.D. Cal. June 30, 2015); *Mejia v. DHL Express (USA), Inc.*, No. CV 15-890 GHK (JCx), 2015 WL 2452755, at *2 (C.D. Cal. May 21, 2015).

III. Discussion

    A. Complete Diversity Exists Between the Parties

The diversity requirement is satisfied because Plaintiff is a citizen of California and Defendant is a citizen of New York. However, Plaintiff makes two similar arguments for why, given the essential nature of a PAGA claim, diversity jurisdiction does not exist. *See Mot.* 5. First, Plaintiff argues that it is "improper to focus the jurisdictional analysis on any nominal individual plaintiff" because the real party in interest is the State of California and the state is not a "citizen" under 28 U.S.C. § 1332. *Id.* at 11. Citing to the Ninth Circuit's recent opinion in *Sakaab v. Luxottica Retail North America, Inc.*, 803 F.3d 425 (9th Cir. 2015), Plaintiff argues that the Court should not exert jurisdiction where it would override California's legislative intent. *See Mot.* at 10-11. In *Sakaab*, the Ninth Circuit merely found that the Federal Arbitration Act did not preempt a California rule barring the waiver of PAGA actions. *See Sakaab,* 803 F.3d at 431. The court did not, as Plaintiff suggests, find that federal courts lacked jurisdiction over PAGA actions in general. Nor has Plaintiff cited to any authority that plausibly supports her view.[2] To the contrary, federal courts routinely hear PAGA cases where

---

[2] Although Plaintiff cites to a string of Ninth Circuit cases, *see Mot.* 6-7, none of those cases stand for the proposition that in PAGA claims, California is a real party in interest whose presence destroys diversity. For example, although the Ninth Circuit has stated that "[t]he [S]tate, as the real party in interest, is not a 'citizen' for diversity purposes," that statement occurred in the context of a discussion about whether the portion of PAGA penalties which inure to the state could count towards the amount in controversy between parties of diverse citizenship for purposes of conferring diversity jurisdiction. *See Urbino v. Orkin Services of Calif., Inc.*, 726 F. 3d 1118, 1122—1123 (9th Cir. 2013). Similarly, Plaintiff cites repeatedly to *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1122 (9th Cir. 2014), *see Mot.* 7, but *Baumann* addressed whether PAGA is sufficiently similar to Rule 23 Class Actions that CAFA could serve as the basis for subject matter jurisdiction, not whether a federal court may hear a PAGA action that is otherwise within its original jurisdiction. None of the cases to which Plaintiff cites establish that there is a categorical ban on federal courts hearing PAGA actions where diversity jurisdiction is otherwise satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-2541 PSG (MRWx) | Date | July 14, 2016 |
|---|---|---|---|
| Title | Kimberly Gunther v. International Business Machine Corporation | | |

jurisdiction is asserted on the basis of diversity, and have gone so far as to expressly reject the theory that Plaintiff asserts here. *See, e.g. Thomas v. Aetna Health of California, Inc.*, No. 1:10-cv-01906-AWI-SKO, 2011 WL 2173715, at *8 (E.D. Cal. June 2, 2011) (recognizing that removal based on diversity was proper where plaintiff of diverse citizenship from her former employers brought a PAGA claim against them); *Chavez v. Time Warner Cable LLC*, CV12-5291 RGK (RZx), 2016 WL 1588096, at *2 (C.D. Cal. Apr. 20, 2016) (On remand from the Ninth Circuit to determine whether the court had diversity jurisdiction, labeling the plaintiff's proposition that "it is impossible for complete diversity to exist in a case which contains claims for PAGA penalties" as "utterly erroneous.").

In a similar vein, Plaintiff argues that the Court lacks jurisdiction because the Court would lack jurisdiction over an identical claim brought by the State. *Mot.* 11-12 (quoting *Baumann*, 747 F.3d at 1123). Again, Plaintiff uses out-of-context quotations from the Ninth Circuit to misrepresent the state of the law. For instance, in *Baumann*, the court addressed whether federal courts had jurisdiction over PAGA claims under CAFA, and explained that "[b]ecause an identical suit brought by the state agency itself would plainly not qualify as a CAFA class action, no different result should obtain when a private attorney general is the nominal plaintiff." *Id.* *Baumann* did not address whether courts may exercise jurisdiction over PAGA claims when complete diversity exists between a plaintiff and defendant and the amount in controversy is met. Unlike Baumann, Defendant here is not attempting to create jurisdiction using the absent aggrieved employees whose interests are implicated in Plaintiff's PAGA claim. Rather, Defendant has demonstrated that jurisdiction exists on diversity grounds, regardless of whether Plaintiff brings a PAGA claim.

Because Plaintiff and Defendant are citizens of different states, complete diversity exists between the parties.

      B. <u>The Amount in Controversy Requirement Is Satisfied For Diversity Jurisdiction Purposes</u>

Plaintiff also contends that remand is proper because the amount in controversy requirement is not satisfied. "When a state court complaint affirmatively alleges that the amount in controversy is less than $75,000, the party seeking removal must prove to a 'legal certainty' that the threshold is met." *Salang v. CarMax Auto Superstores California, LLC*, No.13-cv-870 BEN (WVG), 2014 WL 334466 at *2 (S.D. Cal. 2014). "[W]here a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional amount]. Under this burden, the defendant must provide evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-2541 PSG (MRWx) | Date | July 14, 2016 |
|---|---|---|---|
| Title | Kimberly Gunther v. International Business Machine Corporation | | |

establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996). Defendants asserting that diversity jurisdiction exists over PAGA claims may not aggregate the claims of other employees or funds that will inure to the state in calculating the amount in controversy. *See Urbino*, 726 F.3d at 1122-24 (Holding that "[t]o the extent Plaintiff can—and does—assert anything but his individual interest, however, we are unpersuaded that such a suit, the primary benefit of which will inure to the state, satisfies the requirements of federal diversity jurisdiction.").

Here, Plaintiff's complaint only states that she is seeking less than $75,000 in *civil penalties* for herself. *See Compl.* Because Plaintiff's state court complaint does not limit the total amount in controversy to less than $75,000, Defendant must only provide evidence establishing that it is more likely than not that the amount in controversy exceeds $75,000. *See Sanchez*, 102 F.3d at 404. Defendant has done so. *See NOR* ¶ 9.

First, Plaintiff alleges that under California Labor Code § 558, she is entitled to $50 to $100 for each period she was underpaid, "in addition to an amount sufficient to recover underpaid wages." *See Compl.* ¶¶ 14, 16; *Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal.App.4th 1112, 1145 (2012) (holding that the civil penalty under Labor Code § 558 includes both the per-pay-period penalty and any underpaid wages, with the underpaid wages going entirely to the affected employee). Defendant explains that two payments are implicated by Plaintiff's claim for unpaid bonuses and incentive payments: an annual bonus tied to her time in the Associate Partner position, which she held until April 1, 2014, and quarterly incentives tied to the role she held afterwards. *NOR* ¶ 9(a). Plaintiff's bonus opportunity under the Associate Partner Plan, which is aligned with Defendant's Growth Driven Profit Program ("GDP"), was up to 40% of her annual salary in April, 2014. *Id.* Plaintiff was not awarded a GDP payment for her role in the Associate Partner position. *Id.* Had she been awarded such a payment, it would have been in the amount of $36,750. *Id.* After April 1, 2014, Plaintiff was no longer eligible for GDP, but was eligible for quarterly incentive payments, calculated by multiplying Plaintiff's monthly target incentive by the number of months of full performance during that quarter. *Id.* Plaintiff performed two full months during that time. *Id.* n. 2. Her monthly target incentive was $10,208.35. *Id.* at 2. Accordingly, the incentive payment which Plaintiff did not receive but to which she claims entitlement is for $20,416.70. Even without taking into account the statutory per-pay-period penalties, Plaintiff's claim for bonus/incentive payments places $57,166.70 in controversy ($36,750 + $20,416.70). *Id.*

Plaintiff also claims that she is entitled to penalties because she was underpaid for her unused, accrued vacation days or for her Personal Choice Holiday ("PCH") days. *See Compl.* ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-2541 PSG (MRWx) | Date | July 14, 2016 |
|---|---|---|---|
| Title | Kimberly Gunther v. International Business Machine Corporation | | |

1. Under Labor Code § 588, this would entitle her not only to a $50 to $100 penalty for each pay period where she was underpaid, but also to the additional amount that she was underpaid. *See Compl.* ¶¶ 14, 16; *Thurman*, 203 Cal.App.4th at 1144-45. Because Plaintiff alleges that Defendant's cap on vacation days is invalid and that she should have been able to accumulate vacation/PCH days from her hire date on October 21, 2013, she implicitly alleges that she was entitled to 49.5 accrued days. *See Compl.* ¶¶ 1,3; *NOR* ¶ 9(b). Plaintiff only used 5 vacation days and 1 PCH day. *Id.* She therefore alleges that she had 43.5 unused accrued vacation and PCH days, and she was only paid for 23 of them. *Id.* Even without calculating the statutory penalties per pay period, Plaintiff's claim for underpaid vacation and PCH days adds an additional $19,317.34 to the amount in controversy (20.5 days x $942.3092 daily rate). *Id.*

Although Defendant continues to explain its calculations for why the amount in controversy far exceeds $75,000, the Court need not go on. Defendant has already demonstrated that standing alone, Plaintiff's claims for underpaid bonuses and vacation days put $76,483.70 ($57,166.70 + $19,317.34) in controversy. That sum does not include the statutory per-pay-period penalties associated with those claims, the amount that Plaintiff alleges she was otherwise underpaid with respect to her additional claims, or attorneys' fees. Defendant has therefore demonstrated that it is more likely than not that the amount in controversy exceeds $75,000.

In a last attempt to discredit Defendant's calculations, Plaintiff alleges that they are impermissibly based on "self-serving declarations." *See Reply* 9. Defendant's calculations, however, are based on declarations from a manager of payroll operations, a manager of business management services, and a partner of "Cognitive Big Data and Analytics." *See* Dkts. # 23-1, 23-2 and 23-3. In demonstrating that the amount in controversy requirement is satisfied, "[a] declaration from a person with knowledge of the relevant data is clearly an appropriate form of evidence[.]" *Ruano v. Sears Roebuck & Co.*, No. CV 15-6060 PSG (FFMx), 2015 WL 6758130 at *4 (C.D. Cal. November 5, 2015) (citing *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)). The Court thus finds that Defendant has satisfactorily shown by a preponderance of the evidence that the amount in controversy requirement of diversity jurisdiction is satisfied.

IV.     Conclusion

For the foregoing reasons, Plaintiff's motion to remand is DENIED.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-2541 PSG (MRWx) | Date | July 14, 2016 |
|---|---|---|---|
| Title | Kimberly Gunther v. International Business Machine Corporation | | |